**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Stephen M. Mott (State Bar No. 362642)
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Counsel for Plaintiff
Skolem Group, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>SKOLEM GROUP, LLC,<br><br>Debtor and Debtor-in-Possession.<br>_______________<br>SKOLEM GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GROTHENDIECK GROUP, LLC and DEBA SHYAM,<br><br>Defendants. | Case No. 8:26-bk-11915-SC<br><br>Chapter 11<br><br>Adv. No.: ___________________<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Skolem Group, LLC ("**Plaintiff**" or "**Debtor**"), by its undersigned counsel, brings this Complaint for Declaratory Relief against Defendants Grothendieck Group, LLC ("**Grothendieck**") and Deba Shyam ("**Shyam**"), and in support alleges the following good cause for the relief requested:

## JURISDICTION AND VENUE

1. Plaintiff filed a voluntary chapter 11 petition in this Court on June 22, 2026.

2. The Court has subject matter jurisdiction over this adversary case pursuant to 28 U.S.C. §§ 151, 157, and 1334(b) because this action is a civil proceeding arising in or related to a case under the Bankruptcy Code.

3. This adversary case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). To the extent its consent is required, Plaintiff consents to the entry of final orders or judgment by this Court.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 because this adversary case arises in and relates to the Plaintiff's above-captioned bankruptcy case (the "**Case**") currently pending in this district.

5. Plaintiff brings this adversary case pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## PARTIES

6. Plaintiff Skolem Group, LLC is a debtor and debtor in possession in the Case and owns a shopping center commonly known as Montclair Town Center, located at 9710-9886 Central Ave, Montclair, California 91763.

7. Defendant Grothendieck is, upon information and belief, a Delaware limited liability company doing business in the County of Orange, State of California, with its principal place of business at 520 Newport Center Dr., Suite 480, Newport Beach, California 92660.

8. Defendant Deba Shyam is an individual residing in the County of Santa Clara, State of California, with his principal place of business in Newport Beach.

## FACTUAL BACKGROUND

**A. The Chapter 11 Case**

9. On June 22, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in the Case.

10. The Debtor owns the real property located at 9710-9886 Central Ave., Montclair, California 91763 (the "**Property**"). The Property is a multi-parcel retail center located along Central Avenue in Montclair, California.

11. Effective June 24, 2026, the Debtor appointed Howard Grobstein as its Chief Restructuring Officer and Manager.

**B. The Property, Fire, and Insurance Proceeds**

12. Prior to the Petition Date, Plaintiff maintained insurance coverage through Travelers Insurance ("**Travelers**"), including commercial property coverage applicable to losses arising from damage to the Property. The same master policy covered a number of different properties owned by different entities, and Grothendieck was the first named insured on the policy and the entity responsible for payment of premiums and the entity that received payments on claims.

13. In or around May 2025, a fire occurred at the Property, resulting in substantial damage to the Property. Upon information and belief, Plaintiff thereafter submitted a claim for losses and damages arising from the fire to Travelers under its commercial property insurance policy (the "**Property Claim**").

14. Upon information and belief, the losses and expenses covered under the Property Claim totaled approximately $910,978.29.

15. Upon information and belief, as of the date of this Complaint, Plaintiff has not received any of the insurance proceeds payable in connection with the Property Claim.

**C. The District Court Action**

16. On June 10, 2026, Mahender Kalicharan Makhijani ("**Makhijani**"), a former affiliate of the Debtor, was arrested on a federal criminal complaint in the United States District Court for the Central District of California ("**District Court**"), Case No. 8:26-mj-00387-DOC. Makhijani was subsequently indicted on multiple counts of bank fraud and making false statements to a bank, arising from alleged losses of approximately $100 million.

17. Following Makhijani's arrest, the District Court set bail in the amount of $500,000, to be secured by real property or cash, together with other conditions of release.

18. On or about June 11, 2026, Shyam, a business associate of Makhijani, deposited a $450,000 cashier's check (the "**Check**") with the Clerk of the District Court (the "**Clerk**") as collateral toward Makhijani's bond. Shyam withdrew the $450,000 from Grothendieck's BMO Bank Account ending in 8322.

19. The District Court thereafter conducted hearings pursuant to *United States v. Nebbia*, 357 F.2d 303 (2d Cir. 1966), to determine whether the $450,000 offered as collateral originated from a legitimate source.

20. In connection with the *Nebbia* hearings, Shyam testified that he was the manager of Cantor Group Manager, LLC, the manager of Grothendieck, and had authority to control the use of its funds. Shyam also testified that he was owed a guarantee fee in excess of $450,000 from Grothendieck as another basis for his use of the funds. Makhijani then submitted declaration testimony from an accountant who testified that using the lowest intermediate balance rule, "the full $450,010 is traceable to the May 21, 2026 Travelers insurance proceeds." *See Declaration of Jacqueline Smart* [Docket No. 31-2 in Case 8:26-cr-00087-DOC].

21. On June 20, 2026, the District Court declined to accept the Check as collateral for Makhijani's bond. Among other things, the District Court found that Makhijani had failed to provide sufficient evidence establishing that Grothendieck and Makhijani had a legitimate entitlement to the $450,000 used to purchase the Check.

22. On June 24, 2026, Makhijani filed a further statement with the District Court seeking to establish the legitimacy of the funds and requesting his release. However, after the District Court ordered that Plaintiff's bankruptcy counsel, or other counsel knowledgeable of the Property, appear at a further hearing, Makhijani withdrew his request to use the disputed $450,000 as collateral for his bond.

**D. <u>Preservation of the Disputed Funds</u>**

23. On August 10, 2026, the District Court ordered the United States, Makhijani, Shyam, and Plaintiff to meet and confer regarding the disposition of the Check and file a stipulation concerning the same. Following Makhijani's withdrawal of his request to use the Check as collateral for his bond, the Check remained in the possession of the Clerk.

24. On August 14, 2026, the United States filed the *Ex Parte Application for Order Releasing $450,000 Cashier's Check Presented to the Clerk's Office by Deba Shyam* (the "***Ex Parte* Application**"). The *Ex Parte* Application was supported by a stipulation between Shyam and the Debtor providing, among other things, that the $450,000 would be released through the issuance of a separate check made payable to the Debtor, and that the funds would be deposited into a separate, interest-bearing account pending further order of this Court.

25. On August 14, 2026, the District Court granted the *Ex Parte* Application. The Court ordered the Clerk to release the $450,000 (the "**Disputed Funds**") to Plaintiff, care of its manager, Mr. Grobstein, for deposit into an interest-bearing account established solely to hold the funds. The District Court further ordered that the Disputed Funds not be moved absent further order of this Court and that parties known to claim an interest in the funds receive notice and an opportunity to be heard before their disposition.

26. On September 24, 2026, the Clerk issued a check constituting the Disputed Funds to the Debtor, care of its manager, Mr. Grobstein, who subsequently deposited the Disputed Funds into a restricted, interest-bearing account held by the Debtor.

**E. <u>The Disputed Funds are Property of the Debtor's Estate</u>**

27. Upon learning of the Check and the source of the funds used to purchase it, Plaintiff investigated the circumstances surrounding Grothendieck's insurance proceeds and

their connection to the Property. Based on its investigation to date, Plaintiff asserts that the Disputed Funds are property of Plaintiff and its bankruptcy estate.

28. Upon information and belief, Plaintiff maintained and was an insured under a Travelers insurance policy for the 2024–2025 policy year that provided commercial property insurance coverage with respect to the Property.

29. Upon information and belief, in or around May 2025, Plaintiff submitted the Property Claim to Travelers arising from the Property fire—the same incident underlying the insurance proceeds received by Grothendieck. Plaintiff's and Grothendieck's Travelers policies bear substantially similar policy numbers, with certain additional or different prefixes or suffixes.

30. Upon information and belief, Plaintiff was entitled to approximately $910,978.29 in insurance proceeds in connection with the Property Claim. The Property Claim was assigned claim number F1A1102.

31. Upon information and belief, on May 21, 2026, Grothendieck's BMO Bank Account ending in 8322 received a deposit of $617,495.05 from Travelers in connection with Grothendieck's insurance claim arising from the Property fire (the "**Insurance Proceeds**"). Attached hereto as **Exhibit 1** is a true and correct copy of the $617,495.05 check, dated May 1, 2026, issued by Travelers and payable to Grothendieck and Nano Bank. The check indicates that it is for file number 877 FR F1A1102 E.

32. Upon information and belief, the Insurance Proceeds represented a portion of the insurance proceeds Plaintiff was entitled to receive under the Property Claim. Grothendieck did not tender any of the Insurance Proceeds to the Plaintiff. Plaintiff has not fixed the fire damage because it has not had the funds to do so.

33. The Disputed Funds are property of Plaintiff's bankruptcy estate under 11 U.S.C. § 541(a)(1). The funds are necessary to Plaintiff's ability to make the necessary repairs to its property to prevent further damage and are necessary to meet ongoing obligations. They are also part of its secured creditor’s collateral. Nano Banc was the lender with a security interest against the Property until it sold its loan to the current lender.

34. By this action, Plaintiff seeks declaratory relief determining that all of the Disputed Funds constitute property of Plaintiff's bankruptcy estate and that Plaintiff is entitled to their recovery.

35. Upon transfer of the Disputed Funds to the bankruptcy estate, Plaintiff will treat the funds as cash collateral within the meaning of 11 U.S.C. § 363(a) to the extent, if any, that any valid, perfected, enforceable, and unavoidable lien or other interest attaches to the funds, as subsequently determined by this Court. Plaintiff will preserve and account for the funds in the ordinary course of its Case and in accordance with any further order of this Court.

**COUNT I**

**Declaratory Judgment Pursuant to 28 U.S.C. § 2201 Against Defendants Grothendieck Group, LLC and Deba Shyam**

36. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. An actual and justiciable controversy exists between Plaintiff and Defendants concerning the ownership of, and entitlement to, the Disputed Funds. Shyam has testified that he has an interest in the Disputed Funds as a result of a guarantee payment he was owed under the operating agreement. Grothendieck is believed to assert an interest in the Disputed Funds since they came from its bank account.

38. Pursuant to 28 U.S.C. § 2201 and Bankruptcy Rule 7001, this Court may declare the rights and legal relations of the parties with respect to the Disputed Funds, whether or not further relief is or could be sought.

39. Plaintiff seeks a declaration that the Disputed Funds, and Plaintiff's rights with respect thereto, constitute property of Plaintiff's bankruptcy estate under 11 U.S.C. § 541(a)(1).

40. Plaintiff further seeks a declaration that Defendants have no right or authority to receive, retain, transfer, disburse, dissipate, or otherwise exercise control over the Disputed Funds, absent further order of this Court.

41. The declarations sought herein concern Plaintiff's ownership of and entitlement to the Disputed Funds as between Plaintiff, Grothendieck and Shyam. Plaintiff does not seek through this Count to adjudicate the validity, priority, extent, or enforceability of any lien or other encumbrance that any third party may assert against the Disputed Funds.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. On Count I, issue the declarations set forth in Count I above;

B. Awarding Plaintiff its costs of suit; and

C. Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 28, 2026

**RAINES FELDMAN LITTRELL LLP**

By: *_/s/Kyra E. Andrassy_*
Kyra E. Andrassy
Stephen M. Mott
Counsel for Plaintiff Skolem Group, LLC

# EXHIBIT 1

THIS DOCUMENT HAS A RED BACKGROUND - BORDER CONTAINS MICRO PRINTING AND AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

Citibank, N.A.
One Penns Way
New Castle DE 19720

TRAVELERS
P.O. BOX 430
BUFFALO NY 14240-0430
(619)847-3578

891A 95034229 62-20/311

| DATE | ACCOUNT NUMBER | FILE NUMBER |
| --- | --- | --- |
| 05/01/26 | J99 | 877 FR F1A1102 E |

SIX HUNDRED SEVENTEEN THOUSAND FOUR HUNDRED NINETY FIVE AND 05/100 -------- PAY: $**617,495.05 LC1

PAY TO THE ORDER OF
GROTHENDIECK GROUP, LLC
AND NANO BANK
1932 E. DEERE AVE. #150
SANTA ANA CA 92705

004310
SA02135

AUTHORIZED SIGNATURE

[redacted]

05212026--14:35:34
[redacted]
BMO Bank N.A. > [redacted]
[redacted]

ENDORSE HERE

Credited To Within Named Payee
In Accordance With Payee's Institution
Absence of Endorsement Guaranteed

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE